IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STACEY D., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:24-CV-2186-L-BW | |
| § | | |
| COMMISSIONER OF THE SOCIAL § | | |
| SECURITY ADMINISTRATION, § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Stacey D. ("Plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner") that denied her application for Disability Insurance Benefits ("DIB") under Title II of the Act. (*See* Dkt. No. 1.) The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g) and 1383(c). The case was referred to the undersigned United States magistrate judge to issue findings and recommendations to the United States District Judge under Special Order No. 3-350. (*See* Dkt. No. 10.)

Plaintiff filed a brief on appeal (Dkt. No. 18 ("Pl. Br.")), to which the Commissioner filed a brief in response (Dkt. No. 26 ("Def. Br.")), and Plaintiff filed a brief in reply (Dkt. No. 27 ("Reply")). After considering the pleadings, briefs, and administrative record, the Commissioner's decision should be **AFFIRMED**.

-1-

## I.  BACKGROUND

On October 14, 2021, Plaintiff filed a claim for DIB and Supplemental Security Income ("SSI"), alleging disability beginning on April 15, 2017. (Pl. Br. at 1.) Plaintiff alleges a disability due to arthritis in both hands, bursitis in right elbow and right shoulder, a thyroid disorder, chronic arthritis pain all over, high cholesterol, and high blood pressure. (*Id.*) The claim was initially denied on August 22, 2022, and again upon reconsideration on May 19, 2023, (*id.*), after which Plaintiff timely requested an administrative hearing, ((Dkt. No 15-1 at ECF pp. 33-65.)

On December 4, 2023, Administrative Law Judge Evelyn Maiben ("the ALJ") held a telephone hearing, at which Plaintiff appeared and testified. (Dkt. No. 15-1 at ECF pp. 33-65.) Plaintiff was represented at the hearing by Bradley A. Thomas, an attorney. (*Id.*) Barbara J. Lewis, an impartial vocational expert, appeared and testified telephonically. (*Id.*) The ALJ issued an unfavorable opinion on January 22, 2024, finding Plaintiff not disabled. (*See id.* at ECF p. 27.) On July 9, 2024, the Appeals Council denied Plaintiff's request for further review. (*Id.* at ECF p. 5.) The ALJ's January 22, 2024, decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

## II.  LEGAL STANDARDS

### A.  District Court Review

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the

Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. To determine whether substantial evidence of disability exists, four elements of proof must be weighted: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *See Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991) (citing *DePaepe v. Richardson*, 464 F.2d 92, 94 (5th Cir.1972)).

The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues de novo. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). Thus, the court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-244-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

### B. The Sequential Evaluation Process

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Copeland*. 771 F.3d at 923 (citing 42 U.S.C. § 423(d)(1)(A)). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Wren*, 925 F.2d at 125 (summarizing 20 C.F.R. § 404.1520(b)-(f)). On the first four steps of the analysis, the claimant has the initial burden of proving that he is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The burden shifts to the Commissioner on the fifth step to show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Id*. "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir.1987).

At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If the claimant is not engaged in substantial gainful work activity, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or

medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id*. § 404.1509. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id*. If an individual's impairment precludes him or her from performing past work, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that there is other gainful employment available in the national economy that the claimant is capable of performing. *Greenspan*, 38 F.3d at 236. This burden may be satisfied either by reference to the Medical-Vocational Guidelines of the regulations or by expert vocational testimony or other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

### III. ALJ's FINDINGS

The ALJ entered the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2022.

2. The claimant has not engaged in substantial gainful activity since April 15, 2017, the alleged onset date (20 CFR 404.1571 *et seq.*, and *416.971 et seq.*).

3. The claimant has the following severe impairments: bilateral hand degenerative joint disease and osteopenia, right elbow degenerative

   joint disease, right shoulder arthropathy, right lateral epicondylitis, and polyarthralgia (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than the full range of light work in that she can sit for 6 hours in an 8-hour day and stand and/or walk 6 hours in an 8- hour day. She can lift, carry, push and/or pull 20 pounds frequently and 10 pounds occasionally. She can frequently finger and handle bilaterally and can frequently reach with the right upper extremity.

6. The claimant is capable of performing past relevant work as a chemical laboratory technician (Dictionary of Occupational Titles (DOT) Code No. 022.261-010; light exertional level as actually and generally performed, specific vocational preparation (SVP) 7). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from April 15, 2017, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Dkt. No. 15-1 at ECF pp. 20-21, 26-27.)

Accordingly, the ALJ determined that, for the application for a period of disability and disability insurance benefits filed on October 14, 2021, the claimant is not disabled under sections 216(i) and 223(d) of the Act. (Dkt. No. 15-1 at ECF p. 27.

## IV. ANALYSIS

Plaintiff asserts two points of error. First, she contends that the ALJ erred in evaluating the Prior Administrative Medical Findings by failing to comply with 20

C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2) and failing to support her decision with substantial evidence. (Pl. Br. at 6.) She also argues that the ALJ erred in evaluating Plaintiff's subjective reports of symptoms by failing to support her decision with substantial evidence. (*Id.* at 13.)

### A.     Plaintiff's first point of error should be overruled.

In her first point of error, Plaintiff asserts that the ALJ erred in evaluating the Prior Administrative Medical Findings ("PAMFs") of Dr. Kwun and Dr. Smith by not discussing supportability. (Pl. Br. at 6-7.) Plaintiff also asserts that the ALJ's consistency analysis was not supported by substantial evidence. (*Id.* at 10.)

"An 'ALJ is responsible for determining an applicant's residual functional capacity.'" *Webster v. Kijazaki*, 19 F.4th 715, 718 (5th Cir. 2021) (quoting *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)). In doing so, the ALJ "examines the medical evidence in the record, including the testimony of physicians and the claimant's medical records." *Id*. Effective for claims filed on or after March 27, 2017, the Social Security Agency comprehensively revised its regulations governing medical opinion evidence creating a new regulatory framework. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15, 132-01 (March 27, 2017). Here, Plaintiff filed her claims on October 14, 2021, and therefore, the 2017 regulations are applicable to her claims.

Under these revised regulations, the ALJ must determine the persuasiveness of a physician's medical opinion. 20 C.F.R. § 416.920c. To determine the persuasiveness of each medical opinion, the ALJ considers supportability, consistency, relationship with the plaintiff, specialization, and other factors that tend to support or contradict a medical opinion. *Id.* §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). The most important factors are supportability and consistency. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). When considering medical opinions, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a); *Stephens v. Saul*, 3:20-CV-823-BH, 2020 WL 7122860, at *5 (N.D. Tex. Dec. 4, 2020) (citation omitted); *accord Winston v. Berryhill*, 755 F. App'x 395, 402 n.4 (5th Cir. 2018) (citation omitted).

The ALJ must also explain the persuasiveness of medical opinions. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). An ALJ will discuss how she considered the supportability and consistency factors for a medical source's medical opinions in her determination or decision. *Id.* "At a minimum, the ALJ's discussion [of these factors] must give enough reasons to permit meaningful judicial review." *Hubbard v. Comm'r of Soc. Sec.*, No. 4:20-CV-588-BP, 2022 WL 196297, at *4 (N.D. Tex. Jan. 21, 2022) (citations omitted). The ALJ may, but is not required to, explain how she considered the remaining factors. *Id.* When a medical source provides multiple medical opinions, the ALJ will articulate how she "considered the medical

opinions . . . from that medical source together in a single analysis using the factors," but she is not required to articulate how she considered each medical opinion from one medical source individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

"[F]undamentally, the ALJ cannot reject a medical opinion without an explanation." *Kneeland v. Berryhill*, 850 F.3d 749, 759-60 (5th Cir. 2017) (citation and internal quotations omitted); *accord Winston*, 755 F. App'x at 398. In explaining a rejection of a physician's opinion, the ALJ does not have "to state the weight given to each symptom and diagnosis in the administrative record." *Michelle K. M. v. Berryhill*, No. 3:17-CV-3044-BH, 2019 WL 1243355, at *13 (N.D. Tex. Mar. 18, 2019). An "ALJ's failure to mention a particular piece of evidence does not necessarily mean that [the ALJ] failed to consider it" when "the ALJ's decision states explicitly that [the ALJ] considered the entire record in [the ALJ's] decision." *Hammond v. Barnhart*, 124 F. App'x 847, 851 (5th Cir. 2005). There is no "statutorily or judicially imposed obligation for the ALJ to list explicitly all the evidence [she] takes into account in making [her] findings." *Id.* at 851; *Wendy M. B. v. Kijakazi*, No. 3:20-CV-02957-BT, 2022 WL 2704038, at *3–4 (N.D. Tex. July 11, 2022).

    1.    **The ALJ's analysis of Prior Administrative Medical Findings and supportability**

Plaintiff argues that the ALJ "did not address [supportability] at all[.]" (Pl. Br. at 9.) Upon review of the record, including the ALJ's decision, the undersigned concludes otherwise.

Plaintiff cites *Ladarrah W. v. Kijakazi* to support her argument that the ALJ committed error in the analysis and that such error warrants remand. (Pl. Br. at 7-9.). In that case, the court found error when "the ALJ fail[ed] to mention [a doctor's] medical opinion at all, even though it [was] listed as evidence in the written opinion's appendix." *Ladarrah W. v. Kijakazi*, No. 3:22-CV-00951-K-BT, 2023 WL 5156339, at *4 (N.D. Tex. July 20, 2023), *adopted*, 2023 WL 5158047 (N.D. Tex. Aug. 10, 2023). The court noted that "the ALJ either rejected [the] medial opinion without explanation, or gave it no consideration." *Id.* The court ultimately found this error harmful and remanded the case.

*Ladarrah W.* is not analogous to be the present case. Whereas the ALJ in *Ladarrah W.* failed to mention the relevant report completely, that was not the case here. The ALJ specifically noted that "[t]he State Agency's findings at both the initial and reconsideration level are generally persuasive[,]" and she cited Dr. Kwun's and Dr. Smith's reports. (Dkt. No. 15-1 at ECF p. 25.) The ALJ further stated that "the State Agency limited the claimant to a light exertional level with frequent handling and fingering." (*Id.* at ECF pp. 25-26.) While the ALJ did not explicitly reference the supportability factor, she explained in the very next line that the "restrictions are supported by the imaging documenting degenerative changes, nodes and soft tissue swelling in the claimant's hands as well as evidence that the claimant was able to finger and handle in the consultive examination" and cited to the appropriate report. (*Id.* at ECF p. 26.) In doing so, the ALJ explained how

-11-

objective medical evidence and previous findings supported her assessment of Dr. Kwun's and Dr. Smith's reports. Plaintiff appears to find this explanation lacking, and essentially argues the ALJ should have explained more. (*See* Pl. Br. at 9 (arguing the ALJ did not address specific written explanations offered by Dr. Kwun).) But "ALJs need not exhaustively explain their reasoning[.]" *Guy v. Comm'r of Soc. Sec.*, No. 4:20-CV-01122-O-BP, 2022 WL 1008039, at *3 (N.D. Tex. Mar. 14, 2022), *adopted*, 2022 WL 1004241 (N.D. Tex. Apr. 4, 2022).

Accordingly, the undersigned finds that the ALJ properly addresses supportability.

### 2. Substantial evidence and consistency.

The Plaintiff also argues that the ALJ's consistency analysis was not supported by substantial evidence. For example, Plaintiff disagrees with the ALJ's finding of a unilateral reaching limitation, (Pl. Br. at 10), and argues it should be bilateral, (*id.*). Plaintiff also asserts that "the ALJ omitted other valid concerns about consistency[,]" such as her ability to pick up small items. (*Id.*) Defendant counters that "[t]he references to Plaintiff's normal physician examination findings are consistent with the prior administrative medical findings of Drs. Kwun and Smith support the ALJ's RFC." (Def. Br. at 5.)

The consistency factor states that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical

-12-

opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2). Substantial evidence is "more than a mere scintilla," and refers to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019).

In her decision, the ALJ detailed Plaintiff's alleged symptoms and her extensive medical history. (Dkt. No. 15-1 at ECF pp. 20-25.) In referencing how previous medical evaluations and findings are consistent with Drs. Kwun's and Smith's assessments and the RFC, the ALJ references Exhibit 1F pages 5, 8, 16, 19, 25, 27, 30-32, 34-35, and Exhibit 5F pages 8-9. (*Id.* at ECF p. 26.)

Exhibit 1F is a medical report compilation of multiple medical visits Plaintiff. Page 5 notes that Plaintiff's chief complaint for a medical visit on February 10, 2022, is hypertension. (Dkt. No. 15 at ECF p. 334.) It further states that "Patient is having no other concerns or complains today." (*Id.*) Page eight refers to a previous visit on December 9, 2021, in which Plaintiff's chief complaint was also hypertension, and it similarly notes she had no other complaints. (*Id.* at 336-37.) Page 16 is part of the evaluation from June 7, 2021. (*Id.* at ECF p. 343.) That day, the doctor noted that Plaintiff had a "normal range of motion." (*Id.* at ECF p. 345.) Page 19 is a continuation of the same visit. (*Id.* at ECF p. 348.) Page 25 refers to an earlier visit, on November 30, 2020. (*Id.* at ECF p. 352.) This visit notes that Plaintiff is positive for joint pain, but also notes she has a normal range of motion. (*Id.* at ECF p. 354.)

Exhibit 1F page 27 refers to a September 22, 2020, visit. (*Id.* at ECF pp. 356-57.) During this visit Plaintiff reported bilateral hand pain and right elbow pain. (*Id.* at ECF p. 356.) The ALJ also cited to pages 30-32, the notes for a June 23, 2020, visit. (*Id.* at ECF pp. 359-361.) The notes point out that Plaintiff had leg swelling during this visit. (*Id.*) Finally, the ALJ cited to pages 34 and 35, referring to June 10, 2020, and June 8, 2020, visits. (*Id.* at ECF pp. 363-364.) Plaintiff presented with swelling in legs, hands, and face, but the doctor recorded regular range of motion. (*Id.*) The ALJ lastly points to Exhibit 5F. (Dkt. No. 15-1 at ECF p. 26.) In this medical consultation, the doctors noted that Plaintiff was positive for joint pain but had a musculoskeletal normal range of motion. (*Id.* at ECF pp. 339-440.)

The undersigned finds that there is substantial evidence to support that the ALJ's findings are consistent. The findings that Plaintiff has a unilateral reaching limitation is consistent with multiple previous notes specifying Plaintiff has had issues with hands and with the right elbow. Ultimately, Plaintiff's arguments amount to an invitation for the court to reweigh the evidence, which is not proper under the substantial evidence standard of review. *See Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000) (providing that a reviewing court may not reweigh the evidence or substitute its judgment for the ALJ's judgment even if the evidence weighs against the ALJ's determination).

Accordingly, the Plaintiff's first point of error should be overruled.

**B.     The ALJ properly considered Plaintiff's subjective reports of her symptoms.**

In her second alleged point of error, Plaintiff argues that the ALJ's analysis of Plaintiff's subjective reports of symptoms lacks the support of substantial evidence. The undersigned disagrees.

The ALJ found that the Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms [were] not entirely consistent with the medical evidence and other evidence in the record[.]" (Dkt. No. 15-1 at ECF p. 23.)  Notably, however, the ALJ did recognize that Plaintiff's complaint of hand, finger[, and] elbow pain[,] and finger deformities [were] reasonable given the imaging documenting degenerative changes, erosions and soft tissue swelling." (*Id.*) As explained above, the ALJ summarized Plaintiff's extensive medical history, including reported complaints and doctors' evaluations.  Despite Plaintiff's assertions that the ALJ did not consider daily activities, the ALJ devoted a section of her reasoning to explain how the alleged symptoms affect Plaintiff's daily life. (*Id.* at ECF p. 22.)  The ALJ noted how long it takes Plaintiff to get out of bed in the morning, what household chores she can manage and how often, and Plaintiff's ability to cook, among other things. (*Id.*)  The ALJ then compared the allegations with the reported complaints from doctors' reports and doctors' notes and evaluations. (*Id.* at ECF p. 23.)

"A factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence." *Villa v. Sullivan*,

895 F.2d 1019, 1024 (5th Cir. 1990). "The evaluation of a claimant's subjective symptoms is a task particularly within the province of the ALJ, who has had an opportunity to observe whether the person seems to be disabled." *Loya v. Heckler*, 707 F.2d 211, 215 (5th Cir. 1983). Here, the ALJ expressly considered Plaintiff's subjective claims. The ALJ ultimately accepted Plaintiff's claims to an extent, but not to a degree in favor of the Plaintiff.

Ultimately, Plaintiff's arguments amount to an invitation for the court to reweigh the evidence, which is not proper under the substantial evidence standard of review. *See Carey*, 230 F.3d at 135.

Accordingly, Plaintiff's second point of error should be overruled.

## V.  RECOMMENDATION

For the reasons discussed above, the undersigned recommends that the Commissioner's decision be **AFFIRMED.**

**SO RECOMMENDED** on August 5, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE OF RIGHT TO OBJECT**

A copy of these findings, conclusions, and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).